## STOKES BROS. & CO. v. KRAMER et al.

No. 8691.

Court of Civil Appeals of Texas. San Antonio. Dec. 16, 1931.

Roy L. Walker and J. C. Abney, both of Lampasas, for appellant.

Alfred Petsch, of Fredericksburg, and Walter Petsch, of Kerrville, for appellees.

SMITH, J.

F. Asher was indebted to the Federal Land Bank of Houston, to Otto Kramer, and to Stokes Bros. & Co., a partnership, who were secured by first, second, and third liens, re-

spectively, upon the land here in controversy.

Kramer brought this suit against Asher & Stokes Bros. to recover of Asher upon his debt and to foreclose Kramer's second lien upon the land, and to preclude Stokes Bros. Asher defaulted and made no appearance, but Stokes Bros. answered, and in a cross-action sought recovery against Asher upon the latter's note for $2,500, and foreclosure of his third lien to secure same. They also alleged that they had paid two installment notes on Asher's debt to the Land Bank, and prayed for subrogation to the rights and first lien of the bank by reason of those payments. Stokes Bros. & Co. did not seek or procure service of process upon Asher as to their cross-action against him, nor did he file any pleadings or waiver or otherwise make any appearance in any of the proceedings. In a trial before the court without a jury, judgment was rendered dismissing Stokes Bros. & Co.'s cross-action, and decreeing recovery to Kramer against Asher for the debt and foreclosure of Kramer's lien. Stokes Bros. & Co. have appealed.

The evidence disclosed that Asher was a regular customer of Stokes Bros., who were engaged in operating a bank. The court found:

"(a) That the Defendants, Asher, were in duty bound to discharge the debt to the Federal Land Bank.

"(b) That the lien securing the payment of the notes held by the Plaintiffs and executed by the Defendants, Asher, is superior to the lien of the Defendants, Stokes Brothers and Company, as executed to them by said Defendant, F. Asher.

"(c) That the payment to the Federal Land Bank, described in the Answer of the Defendants, Stokes Brothers and Company, were not made by these Defendants but the same were in fact made by the Defendant, Asher.

"(d) That if said payments were in fact made by the Defendant, Stokes Brothers and Company, that in such case were made by them as mere volunteers; that the evidence disclosed no legal obligation and no necessity for the payments in order to protect property rights of the Defendants, Stokes Brothers; that at the time and prior to the payments neither the Federal Land Bank nor either of the Plaintiffs had notice of the fact that said payments were being made by Stokes Brothers for the Defendant, Asher, upon the condition that Stokes Brothers were to be subrogated to the lien of said Federal Land Bank.

"(e) That the payments made by the Defendant, Asher, to the Federal Land Bank, described in the pleadings of the Defendant, Stokes Brothers and Company, at the time, cancelled and discharged the debts described in the Answer of the last named defendants and in the Assignment of the Federal Land Bank, dated January 17, 1931.

"(f) That the payments to the Federal Land Bank, claimed by Stokes Brothers, did not discharge the entire debt due to the bank but only a very small portion thereof.

"(g) That no consideration was paid to the Federal Land Bank at the time it executed said assignment on the January 17, 1931.

"(h) That there has been no service upon the Cross-Action of the Defendants, Stokes Brothers and Company, against the Defendant, F. Asher, and that no Application for a continuance was requested or filed in order to secure such service.

"Based upon the aforesaid findings of facts and the law in relation thereto, the court is of the opinion that the Defendants, Stokes Brothers and Company, are not entitled to recover as by them prayed for, and their Cross-Action and plea for the application of the funds resulting from the sale of the hereinafter described property, is hereby dismissed."

We adopt the trial judge's findings of fact as the findings of this court, since they are supported by material evidence in the record. We therefore overrule appellant's propositions 1, 2, 3, 4, 5, and 8, in which those findings are attacked.

Stokes Bros. & Co. filed their answer to Kramer's petition, consisting of general demurrer, general denial, and a special answer in which they alleged that their codefendant Asher owed them a debt of $2,500 secured by a deed of trust lien upon the land involved, which lien was conceded to be inferior to the first lien of the Federal Land Bank and the second lien of Kramer. They also alleged that they had paid off a part ($559) of Asher's debt to the Land Bank, whereby they became subrogated to that extent to the rights and first lien of the Land Bank against Asher and said land; that the Land Bank had assigned to them the two installment notes they had paid it in behalf of Asher, and the first lien securing same. They prayed for judgment against Asher for the amount of said installment notes, with interest and attorney's fees, and for a foreclosure of the first lien to the extent of their said payments in behalf of said Asher, for judgment against Asher for his original obligation in their favor for $2,500, with foreclosure of their third lien to secure said debt, and for an order requiring the sheriff to pay to them the excess, if any, out of the proceeds of the sale of the land after Kramer's claim had been satisfied.

 It will be observed that Stokes Bros.' cause of action was primarily against Asher; that their right to foreclose any lien or participate in the proceeds of the sale of the

land at the instance of Kramer depended wholly upon the establishment of their debts against Asher and a decree of recovery against him, and of foreclosure to secure the payment of such debt. In short, Stokes Bros. would not be entitled to affirmative relief in the suit unless and until they first established their case and obtained a proper judgment against Asher, through a cross-action for that purpose. They could not establish their case against him without making him a party and having him before the court, either by his appearance in the main suit or by service upon him in their cross-action against him. He filed no answer to the plaintiffs' suit, did not otherwise in any manner appear therein, but wholly defaulted, and therefore was not required to take cognizance of any pleadings of his codefendants, Stokes Bros. The latter did not make him a party defendant to their cross-action, did not ask for service upon him, and made no effort to obtain service upon him. The trial judge, therefore, had no recourse but to dismiss their suit as against him, as he did. That left nothing before the court to adjudicate in Stokes Bros.' behalf, and as the judgment disposed of all other matters remaining before the court, the judgment was a final one. We overrule appellant's sixth and seventh propositions, and affirm the judgment.